## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GAYNELL COLBURN, individually and on behalf of all others similarly situated,

                    Plaintiff,

      v.

TEXAS ROADHOUSE, INC.,

                    Defendant.

Case No.



**FILED ELECTRONICALLY**

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Gaynell Colburn, on behalf of herself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action individually and on behalf of all others similarly situated against Texas Roadhouse, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at various public accommodations owned, operated, controlled and/or leased by Defendant ("Defendant's facilities").

2.     Plaintiff Gaynell Colburn ("Plaintiff") has a mobility disability and is limited in the major life activity of walking, which has caused her to use a wheelchair for mobility.

3.      Plaintiff has visited Defendant's facilities and was denied full and equal access as a result of Defendant's inaccessible parking lots and paths of travel.

4.      Plaintiff's experiences are not isolated—Defendant has systematically discriminated against individuals with mobility disabilities by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's facilities.

5.      In fact, numerous facilities owned, controlled and/or operated by Defendant have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision making Defendant employs with regard to the design, construction, alteration, maintenance and operation of its facilities causes access barriers, and/or allows them to develop and persist at Defendant's facilities.

6.      Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at Defendant's facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described, and will be deterred from fully using Defendant's facilities.

7.      The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action.  In relevant part, the ADA states:

> [i]n the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the…modification of a policy….

42 U.S.C. § 12188(a)(2).

8.      Consistent with 42 U.S.C. § 12188(a)(2) Plaintiff seeks a permanent injunction requiring that:

    a)  Defendant remediate all parking and path of travel access barriers at Defendant's facilities, consistent with the ADA;

    b)  Defendant change its policies and practices so that the parking and path of travel access barriers at Defendant's facilities do not reoccur; and,

    c)  Plaintiff's representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 8(a) and 8(b) has been implemented and will remain in place.

9.      Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2).   Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals.  To that end, the note to the 1996 amendment to Rule 23 states:

Subdivision(b)(2).  This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate….Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10.     The ADA was enacted over a quarter century ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).

11.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

12.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations,   42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

13.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability.   42 U.S.C. § 12182(b)(1)(D).

14.     Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A) (iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public

4

accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

15.    The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

16.    The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include…modification of a policy…to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

17.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

18.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

19.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

20.     Plaintiff Colburn is and, at all times relevant hereto, was a resident of Maryland. As described above, as a result of her disability, Plaintiff Colburn relies upon a wheelchair for mobility.  She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

21.     Defendant is a Delaware corporation headquartered at 6040 Dutchmans Lane, Louisville, Kentucky 40205.

22.     Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

### I.      Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities.

23.     Plaintiff has visited Defendant's facilities located at 8207 Town Center Drive, Nottingham, MD, including within the last year, where she experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking space and because of other ADA accessibility violations as set forth in more detail below.

24.     Despite these risks, Plaintiff plans to return to Defendant's facilities, as she lives nearby and regularly shops at the White Marsh mall where she shops and dines at nearby restaurants, including Defendant's facilities.   Furthermore, Plaintiff intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of the ADA.

25.     As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's facilities has been significantly impeded.

26.     Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities, however, so long as Defendant's facilities remain non-compliant, and so long as Defendant continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendant's facilities.

27.     Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's facilities in violation of her rights under the ADA.

28.     As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**II.     Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities.**

29.     Defendant is engaged in the ownership, operation, management and development of restaurant properties throughout the United States.

30.     As of December 2017, Defendant "owned and operated 462 restaurants" throughout the United States.[1]

31.     As the owner and/or operator and manager of their properties, Defendant employs centralized policies, practices and procedures with regard to the design, construction, alteration, maintenance and operation of its facilities.

---

[1]     Texas Roadhouse, Inc., Annual Report (Form 10-K), at 5 (Feb. 23, 2018), available at https://www.sec.gov/Archives/edgar/data/1289460/000155837018001026/txrh-20171226x10k.htm as of November 27, 2018.

32.     To date, Defendant's centralized design, construction, alteration, maintenance and

operational policies and practices have systematically and routinely violated the ADA by

designing, constructing and altering facilities so that they are not readily accessible and

usable, by failing to remove architectural barriers, and by failing to maintain and operate

facilities so that the accessible features of Defendant's facilities are maintained.

33.     On Plaintiff's behalf, investigators examined multiple locations owned,

controlled, and/or operated by Defendant, and found the following violations, which are

illustrative of the fact that Defendant implements policies and practices that routinely

result in accessibility violations:

    a)  8207 Town Center Drive, Nottingham, MD

        i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii.  The surfaces of one or more access aisles had slopes exceeding 2.1%.

    b)  1736 Merritt Blvd, Dundalk, MD

        i.   A portion of the route to the store entrance had a running slope exceeding 5.0%.

    c)  1220 S Kirkwood Rd, Kirkwood, MO

        i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii.  The surfaces of one or more access aisles had slopes exceeding 2.1%.

    d)  1412 Central Park Cir., O'Fallon, IL

        i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii.  The surfaces of one or more access aisles had slopes exceeding 2.1%.

    e)  595 S 8th St, Colorado Springs, CO

8

    i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

    ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%.

f)   11205 S Parker Rd, Parker, CO

    i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%.

g)   311 Washington Rd, Washington, PA

    i.   A portion of the route to the store entrance had a running slope exceeding 5.0%.

h)   116 Wagner Road, Monaca, PA

    i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

    ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%.

i)   3466 William Penn Hwy, Pittsburgh, PA

    i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%.

j)   4993 Westone, Chantilly, VA

    i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

    ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%.

34.   The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendant's facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, caused by Defendant's systemic disregard for the rights of individuals with disabilities.

35.     Defendant's systemic access violations demonstrate that Defendant either employs policies and practices that fail to design, construct and alter its facilities so that they are readily accessible and usable, and/or that Defendant employs maintenance and operational policies and practices that are unable to maintain accessibility.

36.     As evidenced by the widespread inaccessibility of Defendant's parking facilities, absent a change in Defendant's corporate policies and practices, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

37.     Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect Defendant's network of facilities.

## CLASS ALLEGATIONS

38.     Plaintiff brings this class action, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of herself and the following nationwide class:

> All persons with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any Texas Roadhouse store location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendants' failure to comply with the ADA's accessible parking and path of travel requirements.

39.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable.   The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

40.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

41.     <u>Common Questions of Fact and Law</u>:   There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make their facilities fully accessible and independently usable as above described.

42.     <u>Adequacy of Representation</u>:   Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

43.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## INDIVIDUAL ALLEGATIONS

44.     Plaintiff realleges and reincorporates by reference all allegations contained in the previous paragraphs.

45.     Plaintiff visited Defendant's Facilities located at 8207 Town Center Drive, Nottingham, MD most recently in November 2018, and experienced the accessibility barriers identified herein.

46.     When Plaintiff arrived at the Texas Roadhouse restaurant, in addition to the issues Plaintiff encountered at the purportedly accessible parking spaces, including but not limited to excessive slopes, Plaintiff also encountered access barriers when she attempted to enter the restaurant.

47.     When Plaintiff attempted to enter the restaurant, she encountered a set of difficult to reach doors that required a force for pulling open each door that was in excess of the allowable maximum opening force required for hinged doors.

48.     Plaintiff was accompanied by a family member at the time who was able to assist with opening the doors, but Plaintiff maintains that she would have been unable to open the doors to enter the restaurant had she not received assistance.

49.     When Plaintiff went to use the restaurant's restroom, she again encountered doors that were too difficult to open due to the required excessive opening force.

50.     As a result of the difficulty of opening the restroom doors, Plaintiff again required assistance from other people to be able to enter and exit the restroom.

51.     These experiences, among other issues, left Plaintiff frustrated and humiliated throughout her time at the restaurant because of the lack of accessibility.

## SUBSTANTIVE VIOLATION

52.     The allegations contained in the previous paragraphs are incorporated by reference.

53.     Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

54.     Defendant's facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs.  42 U.S.C. § 12183(a).

55.     Further, the accessible features of Defendant's facilities, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.  28 CFR § 36.211.

56.     The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

57.     Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A) (iv).

58.     Defendant's repeated and systemic failures to design, construct and alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

59.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

60.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

61.     Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

62.     Defendant has discriminated against Plaintiff and the class in that Defendant has failed to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

63.     Defendant has additionally discriminated against Plaintiff in that Defendant has failed to provide a swinging door or gate that complies with the standards set forth in the 2010 ADAAG § 404.2.9 and/or § 4.13.11 of the 1991 ADA Standards.

64.     Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

65.     Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

66.     Given that Defendant has not complied with the ADA's requirements to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.  A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.  A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to:  (i) take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii)  that Defendant changes its policies and practices to prevent the reoccurrence of access barriers post-remediation; and, (iii) that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

c.  An Order certifying the class proposed by Plaintiff, and naming Plaintiff as class representative and appointing her counsel as class counsel;

d.  Payment of costs of suit;

e.  Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.  The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: November 29, 2018.  Respectfully submitted,


*/s/ E. David Hoskins*
E. David Hoskins, Esq., No. 06705
The Law Offices of E. David Hoskins, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

*/s/ Kathleen P. Hyland*
Kathleen P. Hyland, Esq., No. 30075
Hyland Law Firm, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 777-5396 (Tel.)
kat@lawhyland.com


*/s/ R. Bruce Carlson*
R. Bruce Carlson, No. 29344
bcarlson@carlsonlynch.com
Benjamin J. Sweet*
bsweet@carlsonlynch.com
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
*pro hac vice application forthcoming*